# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENVEST, LLC,<br><br>                Petitioner,<br>vs.<br>BNC FRANCES VILLAS, L.P.; BNC FRANCES L.P.; BNC INVESTMENTS, LLC; BNC FRANCES OAKS LLC; BNC FRANCES TRAILS LLC; BARRY S. NUSSBAUM; RICHARD GELBART; SUZANNE STUBBLEFIELD; AND ROGER ARTZ AS TRUSTEE OF PLAZA DEL SOL REAL ESTATE TRUST,<br><br>                Respondents. | CASE NO. 09cv2670-WQH-JMA<br><br>ORDER |

HAYES, Judge:

On November 25, 2009, Petitioner initiated this action by filing a Petition for Order Compelling Arbitration ("Petition"). (Doc. # 1). The Petition alleges: "This Court has subject matter jurisdiction over this action because there is complete diversity of citizenship and the amount in controversy exceeds $75,000." (Doc. # 1 ¶ 29). The Petition alleges that Petitioner is "a Michigan limited liability company with its principal place of business in Nevada"; Respondent BNC Frances Villas, L.P. is "a Delaware limited partnership with its principal place of business in San Diego, California"; Respondent BNC Frances L.P. is "a Delaware limited partnership with its principal place of business in San Diego, California"; Respondent BNC Investments, LLC is "a Delaware limited liability company with its principal place of business in San Diego, California"; Respondent BNC Frances Oaks, LLC is "a Delaware limited liability company with its principal place of business in San Diego, California";

Respondent BNC Frances Trails, LLC is "a Delaware limited liability company with its principal place of business in San Diego, California"; Respondents Barry S. Nussbaum, Richard Gelbart, and Roger Artz are individuals and citizens of California; and Respondent Suzanne Stubblefield is an individual and citizen of Texas. (Doc. # 1 at 1-2).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McComb*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted). "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). For the purposes of determining diversity of citizenship, a limited liability company or a partnership "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Petitioner has failed to adequately allege that there is complete diversity. The Petition does not allege the citizenship of all of the members and/or owners of each limited liability company and partnership which is a party. Petitioner has not alleged a basis for subject matter jurisdiction other than diversity.[1]

Petitioner is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction. This action will be dismissed without prejudice unless, no later than **February 12, 2010**, Petitioner files an amended petition which adequately alleges a basis for subject matter jurisdiction.

IT IS FURTHER ORDERED that the pending Motion on Petition for Order Compelling Arbitration (Doc. # 6) is **DENIED** without prejudice to refile following the filing of the amended petition. The February 8, 2010 hearing date for the pending motion is vacated.

DATED: January 28, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[1] The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, does not confer federal subject matter jurisdiction. *See Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1110-11 (9th Cir. 2004).